KANSAS CITY, Respondent, v. J. R. YOUNG, Appellant.

Kansas City Court of Appeals, November 5, 1900.

Violation of City Ordinance: OBSTRUCTING LIGHT: INTENT: EVIDENCE. An ordinance prohibited the erection of a fence or structure for the purpose of annoyance or injury to another. Held, it was not sufficient to prove the erection of the structure but the evidence must show the specific intent to make out the offense.

Appeal from the Jackson Criminal Court.—*Hon. J. W. Wafford,* Judge.

REVERSED AND REMANDED.

*Henderson, Webster & Gilmer* for appellant.

Where a specific intent is required to make an act an offense, the mere doing of the act will not raise a presumption that it was done for such prohibited purpose; and there was no evidence of unlawful intent in this case. Mahan v. Brown, 13 Wend. (N. Y.) 261; Pickard v. Collins, 23 Barb. (N. Y.) 444; Letts v. Kessler, 54 Ohio St. 73; Lapere v. Luckey, 23 Kan. 534; Granite & Marble Co. v. Knickerbocker, 103 Cal. 111; Ingeverson v. Barry, 118 Cal. 342; State v. Fox, 148 Mo. 517, 525; State v. Gibson, 111 Mo. 92, 102; People v. Plath, 100 N. Y. 590.

GILL, J.—Defendant was convicted in the lower court of constructing and maintaining a high fence or structure next to the windows of his neighbor thereby destroying the

light and ventilation, contrary to a city ordinance.    From a judgment imposing a fine of $100 defendant has appealed.

Owing to the very meager character of the evidence contained in the record we feel bound to reverse this judgment. Defendant was charged with having violated section 536 of the Revised Ordinances of Kansas City which provides that: "No person shall erect or maintain any fence or structure for the purpose of annoying any other person, or for the purpose of injuring the property of another by obstructing the view, shutting out sunshine or hindering ventilation," etc.

Defendant and Dr. A. M. Crow occupied adjoining lots in Kansas City.    The doctor erected a building on his lot the north line of which is along and on the line between the two properties.    Sometime after the erection of the Crow building, defendant constructed on his lot (or the portion thereof not occupied by a building) certain fences or structures, and so near to the division line that they obstructed the view, shut out the light and impaired the ventilation of the Crow building.    This is practically all the evidence shows.    There is no proof whatever that defendant's purpose was to annoy Crow or injure his property.    Without this there was no case made. The gist of the offense under the ordinance is that the fence or obstruction erected shall have been erected or maintained "for the purpose of annoying another person, or for the purpose of injuring the property of another," etc.    We are not authorized to infer a purpose or intent from the mere doing of the act.

"Where a specific intent is required to make an offense the mere doing of the act will not raise a presumption that it was done for such prohibited purpose."    State v. Fox, 148 Mo. 517, 527.

Judgment reversed and cause remanded.    All concur.